The complainant, a corporation, rents the three floors of the building it owns to three separate tenants under an agreement to supply them with heat and steam for their manufacturing processes by means of boilers installed on the premises, for which purposes complainant requires constant supplies of fuel oil and coal. One of the tenants is the Palisade Piece Dye Works. Although there had been no labor dispute between the Palisade Company and its employees, a strike was called early in October of last year by the defendant Dyers, Finishers and Bleachers Federation and its Local against Palisade Company pursuant to which approximately thirty of the Palisade Company's thirty-six *Page 414 
factory workers refused to continue to work for that company and picketing of Palisade Company began. As a means adopted by defendants to induce or compel Palisade Company to enter into a contract with the Federation it is the strikers' admitted purpose, through their pickets, to stop the supply of coal and oil to complainant's building and the complainant now seeks through an order to show cause issued against defendants on its verified bill of complaint, to restrain defendants until final hearing from interfering in any way with the delivery of fuel oil and coal to complainant.
On the return of the order to show cause replying affidavits were filed on behalf of defendants and testimony was taken in open court of witnesses produced by both parties.
Complainant contends that it is an innocent bystander in the dispute which may exist between the Union and Palisade Company. The facts are that complainant and Palisade Company are private corporations owned and controlled by the same three stockholders and they have the same officers; also the same man is office manager of both corporations and receives but one salary which is paid by Palisade Company. The fuel oil supplied to complainant's building is generally used for creating steam required by Palisade Company and only when there is a breakdown or cleaning out of the coal burner, is oil used for supplying heat. Payment for fuel oil supplied is sometimes made by Palisade Company. It appears that three individuals make use of corporate forms merely as instrumentalities for their convenience in conducting two business enterprises and that those individuals have a common interest in all that affects either corporation. For the purpose of this proceeding the court will look through forms to the realities and will disregard corporate identities in order that the claimed rights of the defendants may receive equitable consideration, and I conclude that complainant is involved in the same labor dispute as Palisade Company, as a labor dispute is defined by R.S. 2:29-77.8. When the strike started there were about fifty pickets in the neighborhood of complainant's building, but two weeks later the number was reduced to three or four. No restraint is sought against picketing. *Page 415 
Although the strike has been in progress two months, the proofs show but two instances in which pickets attempted to interfere with the delivery of fuel supplies to complainant's building. One involved the witness Laregina who in the past had supplied fuel oil to complainant. His testimony was that after the strike started he had delivered oil on complainant's order without any interference by the pickets and after one of his deliveries he had been approached by one of the pickets who asked him to cooperate with the strikers by not bringing in any more oil and he replied he would consider it. His stated position is that at the request of one of the strikers for his cooperation to aid the strikers to attain the object for which they are on strike, he decided to cooperate with them by not delivering oil. The other instance involved the witness Tedesco who arrived at complainant's plant with a truckload of coal to deliver on complainant's order. His testimony was that he had not supplied coal to complainant theretofore and was unaware there was a strike on. When he approached the driveway entrance to complainant's plant he saw a crowd gathered there and he stopped. The crowd consisted of four police officers specially summoned for the occasion, five pickets or strikers and an employee of Palisade Company present to assist in delivery of the coal. Tedesco testified he was informed by one of the pickets there was a strike on; that it was then up to him to decide whether or not to deliver his load; that he was not in fear of bodily injury and was assured by the police officers that if he wished to deliver his coal he would be given police protection; that he sympathized with the strikers and drove away with his load. In neither of those instances was there evidence of coercion, threats or intimidation used to induce either of the two men to arrive at their decisions.
It is the right of strikers to make known to members of the public the existence of a labor dispute in which the strikers and their union are involved, either orally or by placards or by other advertising and to seek the sympathy and support of the public in attaining the object for which they are on strike. So long as they use fair and peaceful *Page 416 
means to announce that they are on strike and their solicitations of public support are not accompanied by threats, intimidation or coercion, this court should not interfere by injunctive restraint. Newark Morning Ledger Co. v. Suburban News DealersAssociation, 9 N.J. Mis. R. 373; E.L. Kerns Co. v. Landgraf,128 N.J. Eq. 441; Vim Electric Co. v. Retail, c., Local, Id.450; Kingston Trap Rock Co. v. International, c., Local,129 N.J. Eq. 570.
All that appears from the evidence before me is that the defendants, as a means toward accomplishing the end for which they are on strike, are desirous of preventing complainant and Palisade Company from receiving fuel oil and coal and that through their pickets they inform dealers in those commodities and drivers of delivery trucks that they are engaged in a labor dispute with those corporations, ask their cooperation by refusing to make deliveries to them and leave it to the dealers and drivers to determine for themselves whether or not to cross the picket lines.
The restraint pendente lite sought by complainant will be denied and the order to show cause will be discharged.